DECISION.

The Commissioner confessed error and the deficiency determined by him is disallowed.

---

Appeal of LYNN IDEAL SHOE CO.    Docket No. 1699.

Submitted April 6, 1925; decided April 13, 1925.

*Samuel J. Stone, C. P. A.*, for the taxpayer.
*Willis D. Nance, Esq.*, for the Commissioner.

Before PHILLIPS, SMITH, and TRUSSELL.

The taxpayer appeals from an alleged deficiency in income and profits taxes for the year 1920, in the amount of $1,200.62. The question involved is the right of the taxpayer to deduct from the gross income of 1920, under section 204 of the Revenue Act of 1918, a net loss sustained for the period January 21 to December 31, 1919.

FINDINGS OF FACT.

The taxpayer was incorporated January 21, 1919, and sustained a net operating loss of $4,056.58 for the period January 21 to December 31, 1919.

DECISION.

In accordance with the decision in the *Appeal of Butler's Warehouses, Inc.*, 1 B. T. A. 851, the determination of the Commissioner of a deficiency in tax for the year 1920, in the amount of $1,200.62, is approved.

---

Appeal of J. M. EDMUNDS.    Docket No. 1842.

Submitted April 2, 1925; decided April 13, 1925.

*H. H. Shelton, Esq.*, for the taxpayer.
*W. Frank Gibbs, Esq.*, for the Commissioner.

Before GRAUPNER and LANSDON.

This appeal is from a determination by the Commissioner of additional tax liability of the taxpayer for income tax for the year 1918, and results from the ruling of the Commissioner that a certain salary payment of $20,000 was received in 1918 instead of 1919, as the taxpayer contends. All the facts were stipulated in writing, and from such stipulation and the allegations of the petition admitted by the Commissioner, the Board makes the following

FINDINGS OF FACT.

1. The taxpayer is an individual who resides in Danville, Virginia. During the year 1918 he was a stockholder, an officer, and

an employee of the International Planter's Corporation, hereinafter designated as the corporation, a concern engaged in the business of buying and selling leaf tobacco with its headquarters in the City of New York.

2. Some time during the latter part of December, 1918, the directors of the corporation adopted a resolution authorizing the payment of $20,000 to the taxpayer as additional compensation for services rendered during the years 1917 and 1918. On December 31, 1918, at its offices in New York, the corporation issued its check in the amount of $20,000 to the taxpayer and charged the same to him on its books of account as of that date. At that time the corporation was solvent and had ample funds in the bank for the payment of the check so issued and charged.

3. The taxpayer keeps his books on the cash receipts and disbursements basis. He received the check on January 19, 1919, and, in making his income-tax returns for 1919, included it in his gross income for that year.

4. Upon audit of the taxpayer's income-tax returns for 1918 and 1919, the Commissioner held that the check for $20,000 issued by the corporation on December 31, 1918, was constructively received by the taxpayer on that date. Accordingly, the Commissioner then deducted the amount of $20,000 from the taxpayer's gross income for 1919 and increased his gross income for 1918 in the same amount. This ruling and action by the Commissioner resulted in a deficiency in tax of the taxpayer of the amount of $5,456.43, for the year 1918, in an overassessment of $3,622.10 for the year 1919, and in a net additional tax liability of $1,834.33 for the year 1918. The action of the Commissioner was set forth in a deficiency letter mailed to the taxpayer on December 9, 1924, and from such letter the taxpayer appeals in a petition filed on February 4, 1925.

### DECISION.

The deficiency determined by the Commissioner is disallowed.

---

## Appeal of COLUMBIA MALTING CO. Docket No. 449.

In the absence of evidence upon which a reasonable allowance can be predicated, a deduction on account of the obsolescence of tangible assets used in the manufacture of malt is not permitted.

Submitted February 24, 1925; decided April 13, 1925.

*James A. Taylor* and *Worth E. Caylor, Esqs.*, for the taxpayer.
*John D. Foley, Esq.*, for the Commissioner.

Before JAMES, STERNHAGEN, TRAMMELL, and TRUSSELL.

This appeal involves income and profits taxes for the eight months' period ended August 31, 1918, and the fiscal year ended August 31, 1919, in the respective amounts of $2,614.10 and $35,660.29, the deficiency being predicated upon the disallowance by the Commis-